UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WINSTON-SALEM DIVISION

CIVIL ACTION NO. 1:02CV00757

| | |
|---|---|
| Gordon Shinn and Connie Shinn ) | |
| Plaintiffs, ) | |
| v. ) | AMENDED COMPLAINT |
| Christopher S. Greeness, Anna Beck, ) | |
| Roger Townsend and Ella Townsend ) | |
| Defendants. ) | |

The Plaintiffs, Gordon Shinn and Connie Shinn, complaining of the Defendant, Christopher S. Greeness, alleges and says:

PARTIES

1. The Plaintiff, Gordon Shinn, at time of the wreck that is the subject of this complaint, was a citizen and resident of Florida with a principal address of 1517 West Court, Homosassa, Florida; plaintiff is currently a citizen of the Commonwealth of Virginia.

2. The Plaintiff, Connie Shinn, is the wife of Plaintiff Gordon Shinn and at the time of the wreck that is the subject of this complaint, was a citizen and resident of Florida with a principal address of 1517 West Court, Homosassa, Florida, plaintiff Connie Shinn is currently a citizen of Virginia.

3. The Defendant, Christopher Greeness, is a citizen and resident of Texas with a principal address of 1209 East Houston, #A, Marshall, Texas.

4. The Defendant, Anna M. Beck, is a citizen and resident of Texas with a principal address of 2913 E. Cotton Street, Longview, TX 75602 and doing was doing business as Zippway Transport which business has a business address of P.O. Box 1291, Gladewater, TX 25647.

5. The Defendant, Roger Townsend, at all times relevant to this complaint was a citizen and resident of Texas and was doing business as Zippway Transport, which has a business address of P.O. Box 1291, Gladewater, TX 25647 and upon information and belief Defendant, Roger Townsend, currently resided at 488 Ellenburg Blvd., Summerville GA 30747.

6. The Defendant, Ella Townsend, at all times relevant to this complaint was a citizen and resident of Texas and was doing business as Zippway Transport, which has a business address of P.O. Box 1291, Gladewater, TX 25647 and upon information and belief Defendant, Ella Townsend, currently resides at 488 Ellenburg Blvd., Summerville GA 30747.

## JURISDICTION

7. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. 1332(a)(2).

## VENUE

8. Venue lies in the Middle District of North Carolina pursuant to 28 U.S.C. 1391(b) in that a substantial part of the events giving rise to the claim occurred within the Middle District of North Carolina.

## NEGLIGENCE AS TO DEFENDANT CHRISTOPHER GREENESS

9. On April 29, 2001 at approximately 6:30 p.m., the Plaintiff, Gordon Shinn, was a the driver of a automobile, vehicle identification number 1Z37L6S425794, Florida license TBX-7G, which was proceeding in a northerly direction on Interstate 77 in Surry County, North Carolina.

10. The Plaintiff Gordon Shinn was driving lawfully and carefully and obeying all rules of the road and proceeding with due care for his own safety.

11. At the time and place set out above, the Defendant, Christopher Greeness was the operator of a tractor trailer, vehicle identification number 1FUPDSZB2WL962643, Texas license RZPG44, which was heading in a northerly direction on Interstate 77, Surry County, North Carolina.

12. At the time and place set out above, the Defendant drove his vehicle into the path of the vehicle which the Plaintiff, Gordon Shinn, was operating, causing his vehicle to strike the vehicle being driven by the Plaintiff Gordon Shinn.

13. The Plaintiff Gordon Shinn was severely and, upon information and belief, permanently injured as a direct and proximate result of the above noted collision.

14. The injuries herein suffered by the Plaintiff Gordon Shinn were proximately caused by the negligence of the Defendant Christopher Greeness in that:

(a) he failed to keep proper lookout and or failed to see what could be seen in the exercise of due care;

(b) he operated his vehicle in careless and reckless manner, with willful and wanton disregard of the rights of the Plaintiff, traveling in an excessive speed under the circumstances and while failing to keep proper lookout, all in violation of N.C.G.S. Sec. 20-140(a);

(c) he operated his vehicle in such manner that he failed to see before moving from a direct line that such movement could be made in safety in violation of N.C.G.S. Sec. 20-154(a);

(d) he operated his vehicle without due caution and circumspection at a speed or manner so as to endanger persons and property in violation of N.C.G.S Sec. 20-140(b);

(e) he operated his vehicle at a speed greater than reasonable and prudent under the conditions then existing in violation of N. C. G. S Sec. 20-141(a);

(f) he failed to keep his vehicle under proper control in violation of the motor vehicle laws of the state of North Carolina;

(g) he failed to steer his vehicle so as to avoid colliding with the vehicle being operated by the Plaintiff in violation of the motor vehicle laws of the state of North Carolina;

(h) he failed to apply brakes and or operated a vehicle with improper brakes in violation of the motor vehicle laws of the state of North Carolina;

(i) he drove his vehicle on a public highway and failed to reduce speed to avoid injury in violation of N.C.G.S. Sec. 20-141(m);

(j) he failed, when overtaking Plaintiffs vehicle which was proceeding in the same direction, to pass at least two feet to the left thereof and therein drove his vehicle to the right side of the highway before he was safely clear of Plaintiffs vehicle in violation of N.C. G. S. Sec. 20-149(a);

(k) he failed before turning his vehicle from a direct line to give a proper signal plainly visible to the Plaintiff, the operator of an affected vehicle, of his intention to make such a movement, all in violation of N.C.G.S. Sec. 20-154(a); and

(l) he moved from a single lane into another lane without having first ascertained that such movement could be made with safety in violation of N.C.G.S. Sec. 20-146(d)(1).

15. The negligence of the Defendant Christopher Greeness was the proximate cause of the collision and injuries sustained by the Plaintiff Gordon Shinn.

16. As a result of said collision, the Plaintiff Gordon Shinn received serious and painful bodily injuries, which upon information and belief, may be permanent.

17. As a result of the aforesaid injuries, the Plaintiff Gordon Shinn has suffered and continues to suffer great and excruciating pain of body, mind and spirit, which are the immediate and necessary consequences of said injuries.

18. As a further and direct proximate result of the Defendant Christopher Greeness's negligence the Plaintiff Gordon Shinn has suffered and continues to suffer great mental anguish and anxiety, which are immediate and necessary consequences of said injuries.

19. As a direct and further result of Defendant Christopher Greeness's negligence, the Plaintiff has incurred and will continue to incur medical expenses for diagnosis, treatment and medication, which are the immediate and necessary consequences of said injuries.

20. As a direct and further result of Defendant Christopher Greeness's negligence the Plaintiff Gordon Shinn has suffered and will continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages and lost opportunities, which are the immediate and necessary consequences of said injuries.

21. As a direct and proximate result of the collision herein above described, the Plaintiff Gordon Shinn's vehicle was damaged.

22. The Plaintiff Connie Shinn is the spouse of the Plaintiff Gordon Shinn.

23. As a result of the aforementioned injuries of the Plaintiff Gordon Shinn, the Plaintiff Connie Shinn was deprived of his society, service, comfort, companionship, and affection for some period of time.

24. As a result of the aforesaid injuries and loss of consortium of her spouse, the Plaintiff Connie Shinn incurred expenses for his care.

NEGLIGENCE AS TO DEFENDANTS ANNA BECK, ROGER TOWNSEND AND ELLA TOWNSEND, DBA ZIPPWAY TRANSPORT

25. Plaintiffs, reallege by reference paragraphs 1-24 as if the same were fully stated and hereby incorporates by reference said paragraphs.

25. At the time and place as set forth above the Defendants, Anna Beck, Roger Townsend and Ella Townsend, DBA Zippway Transport were the owners of the tractor operated by the Defendant Christopher Greeness.

25. At the time and place as set forth above the Defendant Christopher Greeness was acting as the agent, actual, implied or apparent or in the alternative as the employee of the Defendants Anna Beck, Roger Townsend, and Ella Townsend DBA Zippway Transport.

26. The negligence of the Defendant Christopher Greeness as set forth above is imputed to the Defendants Anna Beck, Roger Townsend and Ella Townsend individually and as DBA Zippway Transport.

WHEREFORE, the Plaintiffs, Gordon Shinn and Connie Shinn respectfully prays the Court as follows:

1. That Plaintiffs have and recover of the Defendants five million ($5,000,000.00) dollars together with interest as by law allowed from the date of the filing of this action;

2. That Plaintiffs have a trial by jury as by law provided;

3. That the costs of this action be taxed against the Defendants, including an attorney's fee if by law allowed; and

4. That Plaintiffs have such other and further relief as the Court may deem just, equitable and proper.

Respectfully submitted this the 1st day of April, 2003.

*[signature]*

Lawrence A. Wagner, Esq.

Attorney for the Plaintiff

NC Bar Number 17944

150 Kimel Park Drive

Suite 300

Winston-Salem, NC 27103

Telephone (336) 765-5700

Facsimile (336) 765-5725